RICHARD ROE, casual ejector, and STERLING J. McRORY, tenant in possession, plaintiffs in error, vs. JOHN DOE, ex demise of STEPHEN A. SELLARS, administrator de bonis non, of RICHARD SELLARS, defendant in error.

1. The record book of the Court of Ordinary, containing the original order granting letters of administration to the plaintiff, is admissible without accounting for the non-production of the original letters.    (R.)
2. The fact that exceptions were filed to an award which was made the judgment of the Court, does not render it inadmissible, the exceptions having been withdrawn.    (R.)

Secondary evidence.    Disclaimer.    Award.    Before Judge CLARK.    Schley Superior Court.    April Term, 1872.

Stephen A. Sellars, as administrator de bonis non upon the estate of Richard Sellars, deceased, brought ejectment against Sterling J. McRory for lot of land number twenty-six, in the thirtieth district of Schley county.    At the April Term, 1871, of Schley Superior Court the defendant filed a disclaimer, which was subsequently withdrawn.

Upon the trial plaintiff tendered in evidence the letters of administration issued to him upon the estate of Richard Sellars, as contained in a book kept in the Ordinary's office of Schley county, entitled "letters of administration."    Defendant objected, insisting that the plaintiff should either produce the original letters, or account for their non-production.    The objection was overruled, and defendant excepted.

The plaintiff, Stephen A. Sellars, was sworn, and testified that his intestate had possession of the land sued for as far back as the year 1835, and continued in possession until his death in 1858.    Plaintiff closed.

Defendant introduced a deed from Jacob Sellars, administrator of Richard Sellars, deceased, to Hiram Tison, dated January 3d, 1860, conveying the land in controversy.

Defendant closed.    Plaintiff in rebuttal tendered in evidence a submission to arbitration, an award and an order directing the same to be entered on the minutes of the Court

at April Term, 1870. The submission was as to the matter in controversy in this suit. The only portion of the award, material to an understanding of this case, was as follows: "That the deed now held by said Hiram Tison to said lot from the administrator of Richard Sellars, deceased, be surrendered up and canceled, and that the title to said lot of land be revested in the estate of said Richard Sellars, deceased, and subject to adminisration by said administrator *de bonis non* of said Sellars." The award was dated September 8th, 1869. Defendant objected to this evidence; the objection was overruled and defendant excepted.

Plaintiff closed. Defendant introduced exceptions to the aforesaid award, filed in office at the April Term, 1870. Also, a deed from Hiram Tison to himself, covering the land in dispute, dated the 17th of August, 1869.

Defendant closed. Plaintiff introduced Hiram Tison as a witness, who testified that the deed from him to defendant was not executed and delivered on the day it bore date, but was delivered only a short time prior to the October Term, 1869, of the Court; that he had withdrawn his exceptions to the award; that defendant knew of the award at the time; that defendant was in possession at the commencement of the suit.

Plaintiff closed. The bill of exceptions fails to show when the exceptions to the award were withdrawn, but states that defendant "at the commencement of the trial, and upon the withdrawal of said exceptions as aforesaid, asked leave of the Court to reinstate said disclaimer, upon the ground that he withdrew it under the belief that he could avail himself of the exceptions to said award, on the trial of the case." Defendant was allowed to reinstate disclaimer.

The Court instructed the jury that the award divested Hiram Tison of the title to the land, and vested the same in plaintiff, and that plaintiff was entitled to recover possession of the premises and costs of suit. To which charge defendant excepted, and assigns the same, together with the rulings of the Court above set forth, as error.

McRory *vs.* Sellars.

HAWKINS & GUERRY; C. T. GOODE, represented by Z. D. HARRISON, Esq.; E. H. WORRILL; CLARK & GOSS, for plaintiff in error.

B. HILL; M. H. BLANDFORD, for defendant,

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiff against the defendant to recover the possession of a lot of land in the county of Schley. The plaintiff offered in evidence the record book of the Court of Ordinary, containing the original order granting letters of administration to the plaintiff, which was objected to, and the objection overruled by the Court. The plaintiff offered in evidence an award of arbitrators, set forth in the record, which was objected to, and the objection was overruled. The award had been made the judgment of the Superior Court. The fact that exceptions to the award had been filed and withdrawn did not make it any the less the judgment of the Court. The record containing the original order granting the letters of administration was properly admitted in evidence. The defendant disclaimed title to the land, and, under the charge of the Court, the jury found a verdict for the plaintiff. We find no error in this record.

Let the judgment of the Court below be affirmed.